ROGERS, J.,
concurring in part and in the judgment.
For reasons stated in the opinions of Judge Randolph and Judge Brown, I agree that the employee-duties test of Browning v. Clerk, U.S. House of Representatives, 789 F.2d 923 (D.C.Cir.1986), is overbroad and must be rejected. See Op. of Judge Randolph 11-13; Op. of Judge Brown 25-26.
I also agree that the Speech or Debate Clause does not pose a jurisdictional bar to Fields’ and Hanson’s lawsuits under the Congressional Accountability Act (“CAA”). Neither the history of the Clause nor Supreme Court precedent provides a basis on which to conclude that personnel decisions are “legislative acts” because, even when motivated by legislative considerations, the personnel decisions themselves are not “an integral part of the deliberative and communicative processes by which Members participate in [congressional] proceedings.” Gravel v. United States, 408 U.S. 606, 625, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972); see Bastien v. Office of Senator Ben Nighthorse Campbell, 390 F.3d 1301, 1315 (10th Cir.2004); cf. Forrester v. White, 484 U.S. 219, 229, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). Further, consistent with Supreme Court jurisprudence indicating the court should examine the pleadings to determine “whether it is necessary to inquire into how [the Member] spoke, how he debated, how he voted, or anything he did in the chamber or in committee in order to make out a violation of this statute,” United States v. Brewster, 408 U.S. 501, 526, 92 S.Ct. 2531, 33 L.Ed.2d 507 (1972), an examination of the complaints makes clear that neither plaintiff must rely on legislative acts to make a prima facie case. See Op. of Judge Randolph 13.
I further agree that the Clause’s eviden-tiary privilege, see, e.g., United States v. Helstoski 442 U.S. 477, 487-90, 99 S.Ct. 2432, 61 L.Ed.2d 12 (1979), has a role to play. See Op. of Judge Randolph 14; Op. of Judge Brown 31; Op. of Judge Tatel 19-20. Defining that role presents potentially difficult questions, particularly as the *18 Supreme Court has yet to speak to the question in this context, and its statements in other contexts can be understood to point in different directions, as the opinions of Judge Randolph and Judge Brown reflect. Compare Op. of Judge Randolph 15-16 (citing Helstoski, 442 U.S. at 489-90, 99 S.Ct. 2432), with Op. of Judge Brown 31-32 (citing Gravel, 408 U.S. at 629 n. 18, 92 S.Ct. 2614).
For the reasons stated in Judge Brown’s opinion, it is tempting to interpret the unique statutory scheme created by Congress in the CAA in a manner that allows discrimination and other claims to proceed against the Member’s personal office largely unfettered by the protections afforded by the Speech or Debate Clause when Members or their alter egos are personally sued, see Op. of Judge Brown 26-30, 31-32; see also Op. of Judge Tatel 20. But Supreme Court jurisprudence has yet to so limit the reach of the Clause. See Op. of Judge Randolph 8-9 (citing cases); Op. of Judge Tatel 20. Nevertheless, it is not self-evident that the Clause’s safeguards of legislative independence would be threatened by an approach that permitted CAA suits such as those before us to proceed subject only to protection of evidence of legislative acts produced by Members and their alter egos upon proper invocation of the privilege.
Because these are appeals of denials of motions to dismiss under Federal Rule of Civil Procedure 12(b)(1), the court need not address what happens when legislative acts arise as potential evidence in varying contexts in CAA litigation. It is unclear whether or precisely how these questions may arise upon the remand of the cases on appeal. The court would benefit from briefing based on the application of the evidentiary privilege by the district court in a particular context. Attempts to signal the answers to such questions are fraught with problems. Hence, I would leave open the question of how the Clause may limit evidence offered by parties in CAA litigation and whether the role of the Member’s personal office as the defendant under the CAA affects the application of the Clause.
Accordingly, I join Judge Randolph’s opinion to the extent it is consistent with the views I have expressed.